NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE KINESIS GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANDREA TROY and <br> THE DEDHAM GROUP, LLC <br><br> Defendants. | Civil Action No.: 13-cv-424 (CCC) <br><br> **OPINION** |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motion of Defendant Dedham Group, LLC ("Dedham") to dismiss the Complaint filed by The Kinesis Group, LLC ("Kinesis" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion.[1] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiff's sole count against Dedham is for conspiracy to breach Defendant Andrea Troy's ("Troy") employment agreement with Kinesis, which diverted business from Kinesis. Because the Complaint fails to allege facts sufficient to support an agreement between Defendants to inflict a wrong against Kinesis, Dedham's motion to dismiss is granted without prejudice. Plaintiff is

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

granted fourteen days in which to file an Amended Complaint that cures the pleading deficiencies discussed further below.

I.  **BACKGROUND**

This dispute arises out of Plaintiff's allegations that Defendant Troy, a former employee of Plaintiff, breached a two-year non-compete clause in her employment agreement with Plaintiff. Plaintiff Kinesis is a marketing consulting company working in the pharmaceutical industry. (Compl. ¶ 5). The Complaint alleges that near the time Troy was terminated for cause by Plaintiff, Troy worked with Dedham,[2] a management and consultancy company offering advertising and marketing services, to procure business from non-party Bristol-Myers Squibb ("Bristol-Myers"). (Compl. ¶¶ 7, 16-27). In particular, Plaintiff alleges that Bristol-Myers was the primary focus of Troy's marketing activities during her employment by Plaintiff, and that after she had been terminated, Troy gave a presentation to Bristol-Myers on behalf of Dedham in response to an RFP for a product called Yervoy. (Compl. ¶¶ 16-27). Subsequently, Dedham was awarded the contract for Yervoy. (Compl. ¶ 27). Plaintiff contends that Troy's work with Dedham to obtain this business violated Troy's employment agreement. (Compl. ¶ 33).

The Complaint pleads four causes of action, but Movant Dedham is only implicated in one: a common law claim of civil conspiracy among Troy and Dedham. (Id. at ¶¶ 54-57). Because the Complaint fails to allege facts sufficient to support an agreement between Defendants to inflict a wrong against Kinesis, Dedham's motion to dismiss is granted without prejudice.

---

[2] The parties dispute whether the complaint alleges that Troy is an employee, contractor, or agent of Dedham. The answer is not clear. However, because the Complaint does not meet the pleading requirements of Rule 8 for other reasons, the Court need not resolve this dispute.

2

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted).

## III. DISCUSSION

The only Count at issue in this decision is the Count alleging a civil conspiracy between Troy and Dedham. In New Jersey, "a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an <u>agreement between the [alleged conspirators] to inflict a wrong against or injury upon another</u>, and an overt act that results in damage." Banco Popular No. Am. v. Gandi, 876 A.2d 253, 263 (N.J. 2005) (emphasis added) (internal quotation omitted). Thus, to properly plead a civil conspiracy under New Jersey law, the claim "must satisfy the agreement <u>and knowledge aspects</u> of civil conspiracy." Id. (emphasis added). In other words, "[a]n unwitting party . . . may not be liable under a conspiracy theory." Amgro, Inc. v. Lincoln Gen. Ins. Co., 361 Fed. Appx. 338, 346 (3d Cir. 2010) (quoting Banco 876 A.2d at 263).

Setting aside the portion of the complaint that are recitations of the claim elements (Compl. at ¶¶ 54-57), the only factual allegations supporting a conspiracy are that Troy was "working with" Dedham, that Troy gave a presentation "on behalf of Dedham" to Bristol-Myers and that Troy's Bristol-Myers contacts were instrumental in securing Bristol-Myers' business for Dedham. (Compl. at ¶¶ 23-33).

Even drawing inferences in favor of Plaintiff, the Complaint does not allege specific facts indicating that Dedham's alleged collaboration with Troy was an agreement to inflict a wrong against Plaintiff. Indeed, "an obvious alternative explanation" is that Dedham's collaboration sought to obtain business from Bristol-Myers. Twombly, 550 U.S. at 567-68 (holding that a complaint should be dismissed when there was "an obvious alternative explanation" to the pled conspiracy). In other words, the Complaint does not allege facts indicating that Dedham's purpose in the alleged collaboration was to injure Plaintiff, or even that Dedham knew that its collaboration could have such an unlawful purpose. Thus, the complaint cannot maintain its sole count against Dedham.

## IV. <u>CONCLUSION</u>

Dedham's motion to dismiss Plaintiff's Complaint is granted without prejudice. To the extent the deficiencies in Plaintiff's pleading can be cured by way of amendment, Plaintiff is granted fourteen days to file an Amended Complaint solely for purposes of amending such claims.

An appropriate Order accompanies this Opinion.

DATED: October 25, 2013      *s/ Claire C. Cecchi*
                             **CLAIRE C. CECCHI, U.S.D.J.**